IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS CHARLES PRESTON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-1150-M-BD |
| LUPE VALDEZ, Sheriff | § | |
| Dallas County, Texas | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Curtis Charles Preston, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for failure to exhaust state remedies.

### I.

In 1983, petitioner was convicted of aggravated rape and sentenced to 22 years confinement. As a consequence of that conviction, petitioner was required to register as a sex offender upon his release from prison. Petitioner fully discharged his sentence in or around May 2007, but he never registered as a sex offender. That resulted in his arrest on April 18, 2011. Petitioner now seeks federal habeas relief on the ground that the retroactive application of the Sex Offender Registration Program, which was enacted by the Texas Legislature nearly 10 years after the date of his original conviction, violates the terms of his plea bargain agreement.[1]

---

[1] Petitioner unequivocally states that he is not challenging his 1983 conviction for aggravated rape. (*See* Mag. J. Interrog. #3).

On June 2, 2011, the court sent written interrogatories to petitioner in order to determine whether he exhausted his state remedies. Petitioner answered the interrogatories on June 17, 2011. The court now determines that this case should be dismissed without prejudice.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

In his interrogatory answers, petitioner admits that he has not exhausted his state remedies. Specifically, petitioner has never filed a petition for discretionary review or an application for state post-conviction relief. (*See* Mag. J. Interrog. #7). Unless and until petitioner presents his claims to the Texas Court of Criminal Appeals, he cannot seek federal habeas relief. *See Ramirez v. Thaler*, No. 3-10-CV-0568-K, 2010 WL 2175917 at *1 (N.D. Tex. May 3, 2010), *rec. adopted*, 2010 WL 2175918 (N.D. Tex. May 26, 2010) (dismissing federal writ for failure to exhaust state remedies where petitioner did not file petition for discretionary or application for state post-conviction relief).[1]

---

[1] To the extent petitioner seeks money damages as a result of his arrest for failure to register as a sex offender, (*see* Mag. J. Interrog. #2), his claim is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (prisoner cannot bring civil rights claim challenging his confinement unless and until the reason for his

## RECOMMENDATION

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Accordingly, his application for writ of habeas corpus should be summarily dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 21, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state or federal tribunal).